BOUTALL, Judge.
This is the companion case to “Mrs. Mary Jane Sparks Loicano, Jr., wife of and Anthony G. Loicano, Jr. vs. Maryland Casualty Insurance Co.” La.App., 301 So.2d 897, decided this day. The instant suit is for damages for injuries suffered by Donna Marie Loicano, the minor daughter of Mr. and Mrs. Anthony G. Loicano, Jr., and brought by her legal representative, her father, who alleges special damages to himself and general damages to his daughter, Donna Marie. Donna Marie was eighteen months old at the time of the accident, which occurred on November 22, 1965. She was a passenger in the 1961 Mercury Comet automobile being driven by her mother, and she was asleep on the front seat of the car when the collision occurred.
Suit was brought against Maryland Casualty Insurance Company, the insurer of A. M. F. Tuboscope, whose vehicle operated by an employee, Billy R. Jeans, was in collision with Mrs. Loicano’s car, and suit was also brought against the Travelers Insurance Company as the liability carrier for Mrs. Loicano’s car. The instant case and its companion case were consolidated for trial and the trial judge rendered judgment in favor of plaintiffs against Maryland Casualty Insurance Company for damages, but by amended judgment dismissed the Travelers Insurance Company as a defendant with prejudice. From this adverse judgment, the Maryland Casualty Insurance Company prosecutes this appeal. Although Travelers Insurance Company filed briefs in this court, we do not find that any appeal was perfected against it, and we do not consider it as a party herein.
In the companion case we resolved the facts of the collision and liability in favor of Billy R. Jeans, the defendant-appellant’s insured. However, because there is a difference in the positions of the plaintiff mother as the driver of the car and the plaintiff daughter as a passenger in her mother’s car, we feel compelled to add to our views expressed in the companion case.
In this case there can be no negligence ascribed to the 18 month old passenger plaintiff. Although suit was originally entered against the insurers of both vehicles there is now before us by this appeal of Maryland, only the question of negligence of Maryland’s insured. We see no reason to repeat our analysis of the evidence presented herein. Suffice it to say, we conclude that the evidence does not demonstrate any negligence on behalf of the defendant’s driver, Billy R. Jeans, who was proceeding in his proper lane of traffic, keeping a lookout ahead and proceeding at a reasonable and lawful rate of speed. Mrs. Loicano’s vehicle was approaching in an opposite direction and her car entered Jeans’ traffic lane shortly before the collision so that Jeans, who tried to avoid collision by turning to the right, could not avoid the accident and the collision ensued with the resulting injuries to plaintiff.
We find no negligence imputable to the defendant-appellant, and accordingly the judgment rendered against it is in error.
The judgment appealed from is annulled and reversed, and there is now judgment in favor of Maryland Casualty Insurance Company and against plaintiff-appellee, Anthony G. Loicano, Jr., individually and on behalf of his minor daughter, Donna *906 Marie Loicano, dismissing his suit against Maryland Casualty Company at his costs.
Reversed.
LEMMON, J., concurs for the reasons assigned in No. 6242.